PER CURIAM:
Claimant brought this action for vehicle damage which occurred when her vehicle struck a hole while she was traveling on U.S. Route 19 north of Fairmont, Marion County. U. S. Route 19 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more folly stated below.
The incident giving rise to this claim occurred around 10:00 p.m. on February 8, 2004, a clear evening. Claimant was traveling on U. S. Route 19 in a leased 2004 Chrysler PT Cruiser. U. S. Route 19 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that she was driving with the vehicle’s lights on high beam when she saw another vehicle approaching in the oncoming lane. She stated that when she turned her lights off high beam, her vehicle struck a hole that she had not seen. Claimant’s leased vehicle sustained damage to both right side rims and tires. Ms. Gorbey stated that the hole her rental vehicle strack was about twelve inches in diameter and four to six inches deep. The leased vehicle sustained damage totaling $731.96. Claimant’s insurance deductible was $500.00 and it was applicable to the leased vehicle.
The position of the respondent is that it did not have actual or constructive notice of the condition on U. S. Route 19 at the site of the claimant’s accident for the date in *191 question.
Don Steorts, Highway Administrator for the respondent in Marion County, testified that he had no knowledge of this particular hole on U. S. Route 19 north of Fairmont on the date in question or the days immediately prior thereto. Mr. Steorts stated that there had been a crew patching a stretch of U. S. Route 19 in the area of claimant’s accident the day after her accident. Respondent maintains that it had no actual or constructive notice of the particular hole on U. S. Route 19 that claimant’s vehicle struck.
The well-established principle of law in West Virginia is that the state is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s leased vehicle struck and that the hole presented a hazard to the traveling public. The size of the hole leads the Court to conclude that respondent had at least constructive notice of this hazardous condition. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to the vehicle which she was driving on the date of the accident.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimant, in this claim in the amount of $500.00, her insurance deductible.
Award of $500.00.